UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>MITCHELL McCONNELL,<br><br>          Defendant. | No.  2:14-cv-269-TLN-CKD PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>EARLE ANDERSON,<br><br>          Defendant. | No.  2:14-cv-271-TLN-CKD PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>SONOMA COUNTY REPUBLICAN PARTY,<br><br>          Defendant. | No.  2:14-cv-272-KJM-CKD PS |

1

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-274-LKK-CKD PS |
| Plaintiff, | |
| v. | |
| AMADOR COUNTY REPUBLICAN PARTY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-275-MCE-KJN PS |
| Plaintiff, | |
| v. | |
| SAN JOAQUIN COUNTY REPUBLICAN PARTY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-277-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO COUNTY REPUBLICAN PARTY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-278-GEB-DAD PS |
| Plaintiff, | |
| v. | |
| JOHN BOEHNER, | |
| Defendant. | |

/////

/////

/////

/////

| | | |
|---|---|---|
| 1 | JAMES C. MAXEY, | No.  2:14-cv-281-TLN-KJN PS |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | YUBA COUNTY REPUBLICAN PARTY, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | JAMES C. MAXEY, | No.  2:14-cv-282-KJM-KJN PS |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | PLACER COUNTY REPUBLICAN PARTY, | |
| 11 | | |
| 12 | Defendant. | |
| 13 | JAMES C. MAXEY, | No.  2:14-cv-284-KJM-AC PS |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | MICHELLE MAXEY, | |
| 17 | Defendant. | |
| 18 | | |
| 19 | JAMES C. MAXEY, | No.  2:14-cv-288-TLN-DAD PS |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | SACRAMENTO COUNTY BOARD OF SUPERVISORS, | |
| 23 | Defendant. | |
| 24 | | |
| 25 | ///// | |
| 26 | ///// | |
| 27 | ///// | |
| 28 | ///// | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-289-KJM-EFB PS |
| Plaintiff, | |
| v. | |
| JOHN ASHCROFT, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-290-LKK-AC PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO METRO FIRE DEPARTMENT, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-291-LKK-KJN PS |
| Plaintiff, | |
| v. | |
| MITT ROMNEY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-292-MCE-EFB PS |
| Plaintiff, | |
| v. | |
| JOHN McCAIN, | |
| Defendant. | |

/////
/////
/////
/////
/////

4

| | |
|---|---|
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>            Defendant. | No.  2:14-cv-293 GEB-KJN PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES COMEY,<br><br>            Defendant. | No.  2:14-cv-294-TLN-DAD PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>SAN DIEGO COUNTY REPUBLICAN PARTY,<br><br>            Defendant. | No.  2:14-cv-295-TLN-AC PS |
| JAMES C. MAXEY,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM,<br><br>            Defendant. | No.  2:14-cv-296-JAM-CKD PS |

/////

/////

/////

5

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-297-TLN-CKD PS |
| Plaintiff, | |
| v. | |
| MURDOCH, WALRATH AND HOLMES, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-298-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| MICHAEL PLATINI, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-299-JAM-AC PS |
| Plaintiff, | |
| v. | |
| SEPP BLATTER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-300-LKK-AC PS |
| Plaintiff, | |
| v. | |
| COSTCO, INC., | |
| Defendant. | |

/////
/////
/////
/////
/////

| | | |
|---|---|---|
| 1 | JAMES C. MAXEY, | No. 2:14-cv-301-MCE-AC PS |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | KAISER FOUNDATION HOSPITAL, INC., | |
| 5 | | |
| 6 | Defendant. | |
| 7 | JAMES C. MAXEY, | No. 2:14-cv-302-MCE-DAD PS |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | MAJOR LEAGUE SOCCER, | |
| 11 | Defendant. | |
| 12 | | |
| 13 | JAMES C. MAXEY, | No. 2:14-cv-303-JAM-KJN PS |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | CY CURNIN, | |
| 17 | Defendant. | |
| 18 | JAMES C. MAXEY, | No. 2:14-cv-307-GEB-DAD PS |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | SACRAMENTO COUNTY BOARD OF SUPERVISORS, | |
| 22 | | |
| 23 | Defendant. | |
| 24 | | |
| 25 | ///// | |
| 26 | ///// | |
| 27 | ///// | |
| 28 | ///// | |

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>BARACK OBAMA,<br><br>        Defendant. | No. 2:14-cv-313-MCE-DAD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>HILLARY CLINTON,<br><br>        Defendant. | No. 2:14-cv-314-TLN-EFB PS<br><br>RELATED CASE ORDER AND FINDINGS AND RECOMMENDATIONS |

Examination of the above-entitled actions reveals that the actions are related within the meaning of E.D. Cal. Local Rule 123. The actions involve similar claims and similar questions of fact and law, and would therefore entail a substantial duplication of labor if heard by different judges. *See* E.D. Cal. L.R. 123(a). Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

Pursuant to the Related Case Order issued on January 27, 2014, in the lead case of *Maxey v. Cal. State Bar Assn.,* No. 2:14-cv-133-JAM-EFB PS, relating 61 other actions, and the Related Case Order issued on January 28, 2014, in the lead case of *Maxey v. Cal. Medical Bd.,* No. 2:14-cv-238-JAM-EFB PS, relating an additional 8 cases, these above-captioned actions will be reassigned to Judge Mendez and Magistrate Judge Brennan. The parties should be aware that relating the cases under Local Rules 123 merely has the result that both actions are assigned to the same judge; no consolidation of the actions is affected.

/////

/////

      A.      Motions to Proceed *In Forma Pauperis*

In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*, plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the requests to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

      B.      Screening of Plaintiff's Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

As with the other 61 actions addressed in the order and recommendation filed in 2:14-cv-153-JAM-EFB PS on January 27, 2014, and the 8 actions addressed in the January 28, 2014 order and recommendation, the complaints filed in the above-entitled actions are frivolous. The complaints are almost identical, containing only minor differences in each case. In each complaint, plaintiff alleges that the action arises from "plaintiff being deprived the most basic rights guaranteed by the California and United States Constitution and statutory law." Plaintiff alleges that he is a resident of Carmichael, California, and that he is unemployed and disabled due to the actions of the named defendant. Plaintiff alleges that venue is appropriate in this district for each case because "numerous acts, transactions, wrongs, and breaches of contract give rise to violations of civil and criminal law described in this complaint [which] occurred within this county, state and other states."

Each complaint also contains a section entitled "Allegations Applicable to All Causes of Action." This section consists of boilerplate created by plaintiff wherein he leaves blanks to later fill in. This section appears in each complaint as follows:

> The plaintiff, James C. Maxey, suffered injury due to the actions of the [space provided for plaintiff to inserts the names of individuals or companies] on, or about [space where plaintiff inserts a date]. The plaintiff's injuries were caused by [blank space where plaintiff identifies different parties or companies] associates affiliated [another blank space].

In some of his complaints, plaintiff adds another sentence to the allegation section, which provides, "From September 2001 through the present time, the plaintiff was fraudulently misrepresented as being associated with Osama Bin Laden."

With the exception of two of the complaints, all complaints further allege that "defendants have harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, falsely convicted and falsely imprisoned the plaintiff as part of an illegal conspiracy to suppress his rights under the U.S. Constitution." These complaints also request, among other things, that the court issue an order requiring the City of Sacramento to "delay any planning or construction of

10

any downtown sports arena, until the City Council legally litigates . . . James C. Maxey v. Sacramento Kings (NBA) Inc." In many of his complaints, plaintiff requests one billion dollars in damages for his injuries.

In two of the above captioned cases, plaintiff seeks a writ of mandamus. *See Maxey v. Sacramento Cnty. Bd. of Supervisors.,* No. 2:14-cv-288-TLN-DAD PS; *Maxey v. Sacramento Cnty. Bd. of Supervisors.,* No. 2:14-cv-307-GEB-DAD PS. In these two actions plaintiff requests that the court issue an order directing the Sacramento County Board of Supervisors to immediately terminate Sacramento County District Attorney Janet Scully's employment. Plaintiff contends that Janet Scully "has harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, falsely convicted, and falsely imprisoned" plaintiff. He further contents that Janet Scully and the United States Department of Homeland Security illegally classified plaintiff "as being 'Osama Bin Laden' under the United States 'Patriot Act.'"

Plaintiff has now filed 98 complaints that provide no clues as to what cause of action is being asserted against what defendant. Apart from the sheer number of complaints filed by plaintiff, his complaints name many different defendants who--as best as can be gleaned from the complaints--appear to have nothing to do with plaintiff, including the Republican parties of several northern California counties, Speaker John Boehner, Senator Mitch McConnell, the Minority Leader of the Senate, just to name a few. Plaintiff's allegations include conclusory and unexplained assertions that the defendants in each case blackmailed, falsely imprisoned, and physically assaulted him. However, the complaint does not contain specific factual allegations showing any particular cause of action as to any particular defendant. Nor does the complaint show how this court would have subject matter jurisdiction over any such claim. Given the failure of the complaint to establish or even suggest a legally cognizable claim, the court finds that all of plaintiff's above captioned complaints are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," which includes "claims describing fantastic or delusional scenarios."). Accordingly, all of the above-entitled actions must be dismissed without leave to amend pursuant to 28 U.S.C. §

1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987 (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that:

1. The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge Brennan for all further proceedings.

2. Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled actions, are granted subject to the recommendation below.

3. The Clerk is directed to file a copy of this order and findings and recommendations in the above-entitled cases.

Further, it is RECOMMENDED that:

1. Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to amend; and

2. The Clerk be directed to close the above-entitled cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 3, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE